Peter M. de Jonge, Utah Bar No. 7185
Jed H. Hansen, Utah Bar No. 10,679
THORPE NORTH & WESTERN, L.L.P.
8180 South 700 East, Suite 350
Sandy, Utah 84070-0562
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

Mark M. Bettilyon, Utah Bar No. 4798
RAY QUINNEY & NEBEKER, PC
36 South State Street, Suite 1400
Salt Lake City, Utah 84111

*Attorneys for Plaintiff*, American Covers, Inc.

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMERICAN COVERS, INC., a Utah Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CHIC ACCESSORIES, INC., an Illinois Corporation, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT WITH JURY DEMAND** <br><br> Judge _____ |

Plaintiff American Covers, Inc. (hereinafter referred to as "American Covers"), by and through its counsel, hereby files this Complaint for Declaratory Judgment with Jury Demand against Defendant Chic Accessories, Inc. (hereinafter referred to as "Chic Accessories"). American Covers complains and alleges as follows:

1

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff American Covers is a Utah corporation having a principal place of business at 675 West 14600 South, Bluffdale, Utah 84065.

2.    Upon information and belief, Defendant Chic Accessories is an Illinois Corporation having a principal place of business at 3200 North Hayden Rd., Suite 120, Scottsdale, Arizona 85251.

3.    Upon information and belief, Chic Accessories is a wholly owned subsidiary of Custom Accessories, Inc. ("Custom Accessories").

4.    Plaintiff brings this action under Lanham Trademark Act, Title 15 United States Code § 1051, *et seq* and under the Federal Declaratory Judgment Statute, Title 28 United States Code §§2201, 2202.

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338, and 15 U.S.C. §1125.

6.    Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391 since Chic Accessories has conducted continuous and systematic business directly related to the trademark at issue in this case in this judicial district and because American Covers' principal place of business is within this judicial district.

7.    This Court has personal specific jurisdiction over Chic Accessories as Chic Accessories has purposefully directed its activities toward the state of Utah.

8.    Additionally, this Court has general personal jurisdiction over Chic Accessories since its contacts with Utah are substantial, continuous, and systematic.

2

## GENERAL ALLEGATIONS

9.      American Covers is in the business of inventing, developing, manufacturing, distributing, and selling air freshener products.

10.     Chic Accessories is in the business of manufacturing, distributing, and selling air freshener products and is a direct competitor of American Covers.

11.     Upon information and belief, Chic Accessories is currently selling air freshener products representing a flip-flop shoe as depicted in Exhibit A within the State of Utah.

12.     Upon information and belief, Chic Accessories claims unregistered common law trademark rights in connection with its air freshener product configuration in the shape of a flip flop shoe.

13.     Upon information and belief, on or about September 25, 2008, Chic Accessories filed U.S. Trademark Application Ser No. 77578563 with the United States Patent and Trademark Office in an effort to obtain federal trademark rights related to the product configuration of the flip flop shoe depicted in Exhibit A.  A copy of U.S. Trademark Application Ser. No. 77578563 is attached hereto as Exhibit B.

14.     American Covers is currently selling air freshener products depicting flip flop shoes and has taken significant, concrete steps to offer for sale a new air freshener product in the shape of a flip flop shoe.  An example depiction of American Covers' new air freshener product in the shape of a flip flop shoe is attached hereto as Exhibit C.

15.     The steps American Covers has taken to introduce its new air freshener product in the shape of a flip flop shoe to the marketplace include, but are not limited to, design of the product

3

configuration, design of the product composition and fragrance, design of the product packaging, manufacture and packaging of the product, promotion of the product to retailers, and coordination with retailers regarding date of product launch.

16.    At present, American Covers intends to launch its new air freshener product in the shape of a flip flop shoe on or about December 15, 2009.

17.    On or about August 25, 2009, U.S. Trademark Application Ser. No. 77578563 filed by Chic Accessories was published for opposition.

18.    On or about September 24, 2009, American Covers filed a Notice of Opposition against U.S. Trademark Application Ser. No. 77578563 before the United States Trademark Trial and Appeal Board, resulting in Opposition No. 9119052.

19.    As grounds for American Cover's Opposition to registration of U.S. Trademark Application Ser. No. 77578563, American Covers claims that the product configuration mark is purely ornamental and thus incapable of trademark significance and is unregistrable on either the Principal Register or the Supplemental Register.

20.    American Covers also alleged that the product configuration mark depicted in U.S. Trademark Application Ser. No. 77578563 is an ornamental configuration and has not acquired distinctiveness in relation to the goods and is therefore unregisterable on the Principal Register.

21.    In response to American Covers' Notice of Opposition, counsel for Chic Accessories contacted counsel for American Covers regarding a possible settlement agreement.

22.    As a result of that contact, counsel for Chic Accessories provided a proposed settlement agreement to counsel for American Covers.  However, the settlement agreement proposed by

Chic Accessories did not include provisions which would allow American Covers to sell its new air freshener in the shape of a flip flop shoe.

23.    Importantly, during a conversation between Chris Anderson (President of American Covers consumer products division) and Norman Matthew (a principal of Chic Accessories' parent company Custom Accessories) at a convention in Las Vegas, Nevada, Mr. Matthew indicated to Mr. Anderson that if American Covers launched an air freshener in the shape of a flip flop shoe, Chic Accessories would sue American Covers.

24.    As a result of the aforementioned activities, and specifically in light of the pending launch of American Covers' new air freshener in the shape of a flip flop, American Covers has a reasonable fear and apprehension that litigation will be brought against it at least as an alleged infringer of common law trademark rights claimed by Chic Accessories.

25.    At least based on the above, there is a substantial legal controversy between American Covers and Chic Accessories of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

26.    American Covers also contends that the product configuration mark depicted in U.S. Trademark Application Ser. No. 77578563 is purely ornamental and thus incapable of trademark significance and is unregistrable on either the Principal Register or the Supplemental Register.

27.    Accordingly, American Covers it is entitled to an order declaring that the product configuration mark depicted in U.S. Trademark Application Ser. No. 77578563 is purely ornamental and thus incapable of trademark significance and is unregistrable on either the Principal Register or the Supplemental Register.

28.    American Covers also contends that the product configuration mark depicted in U.S. Trademark Application Ser. No. 77578563 is an ornamental configuration and has not acquired distinctiveness in relation to the goods and is therefore unregisterable on the Principal Register.

29.    Accordingly, American Covers is entitled to an order declaring that the product configuration mark depicted in U.S. Trademark Application Ser. No. 77578563 is an ornamental configuration and has no acquired distinctiveness in relation to the goods and is therefore unregisterable on the Principal Register.

30.    To the extent Chic Accessories is entitled to any trademark protection related to the configuration of its air freshener product shaped like a flip flop shoe, those trademark rights are significantly circumscribed by similar products adopting similar configurations in the marketplace.

31.    Moreover, even a cursory review of the Chic Accessories flip flop air freshener and American Covers' flip flop air freshener show that the two product configurations are not so similar as to create a likelihood of confusion between the two products.

32.    Specifically, the Chic Accessories flip flop air freshener comprises indentations of the toes and heel of a foot on a smooth jelly-like surface in the form of a plastic or rubber flip flop bottom and plastic or rubber straps.

33.    The Chic Accessories flip flop air freshener packaging prominently displays Chic Accessories primary brand, ISLAND ADVENTURES, on the front of the package with the house brand CHIC ACCESSORIES in the upper left hand corner of the packaging.

34.    In contrast, American Covers' flip flop air freshener has no indentations and depicts and thatched bamboo or corn husk flip flop bottom with cotton or nylon straps.

35.    Furthermore, the American Covers' flip flop air freshener packaging prominently displays the primary brand, BAHAMA & CO.

36.    At least based on the above, the two products are so different that any consumer confusion is unlikely.

37.    As such, American Covers contends that it is entitled to an order declaring that manufacture, promotion, and sale of its new air freshener shaped like a flip flop shoe does not and will not infringe any rights, if any, Chic Accessories may have in its air freshener shaped like a flip flop shoe.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – 28 U.S.C. §§2201, 2202 and 15 U.S.C. §1125)

38.    Plaintiff hereby incorporates by this reference each and every preceding allegation as if set forth fully herein.

39.    American Covers and Chic Accessories are in the business of manufacturing, distributing, and selling air freshener products.

40.    Upon information and belief, Chic Accessories is currently selling air freshener products representing a flip-flop shoe as depicted in Exhibit A within the State of Utah and claims unregistered common law trademark rights in connection with said product.

41.    Upon information and belief, on or about September 25, 2008, Chic Accessories filed U.S. Trademark Application Ser No. 77578563 with the United States Patent and Trademark

Office in an effort to obtain federal trademark rights related to the product configuration of the flip flop shoe depicted in Exhibit A.

42.    American Covers is currently selling air freshener products depicting flip flop shoes and has taken significant, concrete steps to offer for sale a new air freshener product in the shape of a flip flop shoe. An example depiction of American Covers' new air freshener product in the shape of a flip flop shoe is attached hereto as Exhibit C.

43.    On or about September 24, 2009, American Covers filed a Notice of Opposition against U.S. Trademark Application Ser. No. 77578563 before the United States Trademark Trial and Appeal Board, resulting in Opposition No. 9119052.

44.    In response to American Covers' Notice of Opposition and discussions with counsel for American Covers, counsel for Chic Accessories provided a proposed settlement agreement to counsel for American Covers.

45.    The settlement agreement proposed by Chic Accessories, however, did not include provisions which would allow American Covers to sell its new air freshener in the shape of a flip flop shoe.

46.    Importantly, during a conversation between Chris Anderson (President of American Covers consumer products division) and Norman Matthew (a principal of Chic Accessories' parent company Custom Accessories) at a convention in Las Vegas, Nevada, Mr. Matthew indicated to Mr. Anderson that if American Covers launched an air freshener in the shape of a flip flop shoe, Chic Accessories would sue American Covers.

47.     As a result of the aforementioned activities, American Covers has a reasonable fear and apprehension that litigation will be brought against it at least as an alleged infringer of common law rights claimed by Chic Accessories in and to its air freshener in the shape of a flip flop shoe.

48.     At least based on the above, there is a substantial legal controversy between American Covers and Chic Accessories of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.     Moreover, even a cursory review of the Chic Accessories flip flop air freshener and American Covers' flip flop air freshener show that the two product configurations are not so similar as to create a likelihood of consumer confusion between the two products.

50.     Specifically, the Chic Accessories flip flop air freshener comprises indentations of the toes and heel of a foot on a smooth jelly-like surface in the form of a plastic or rubber flip flop bottom and plastic or rubber straps.

51.     The Chic Accessories flip flop air freshener packaging prominently displays Chic Accessories primary brand, ISLAND ADVENTURES, on the front of the package with the house brand CHIC ACCESSORIES in the upper left hand corner of the packaging.

52.     In contrast, American Covers' flip flop air freshener has no indentations and depicts and thatched bamboo or corn husk flip flop bottom with cotton or nylon straps.

53.     Furthermore, the American Covers' flip flop air freshener packaging prominently displays the primary brand, BAHAMA & CO.

54.     At least based on the above, the two products are so different that any consumer confusion is unlikely.

9

55.     As such, American Covers contends that it is entitled to an order declaring that

manufacture, promotion, and sale of its new air freshener shaped like a flip flop shoe does not

and will not infringe any rights, if any, Chic Accessories may have in its air freshener shaped like

a flip flop shoe.

## SECOND CAUSE OF ACTION

## (Declaratory Relief – 28 U.S.C. §§2201, 2202 and 15 U.S.C. §§ 1052, 1091)

56.     Plaintiff hereby incorporates by this reference each and every preceding allegation as if

set forth fully herein.

57.     American Covers also contends that the product configuration mark depicted in U.S.

Trademark Application Ser. No. 77578563 is purely ornamental and thus incapable of trademark

significance and is unregistrable on either the Principal Register or the Supplemental Register.

58.     Accordingly, American Covers is entitled to an order declaring that the product

configuration mark depicted in U.S. Trademark Application Ser. No. 77578563 is purely

ornamental and thus incapable of trademark significance and is unregistrable on either the

Principal Register or the Supplemental Register.

59.     American Covers also contends that the product configuration mark depicted in U.S.

Trademark Application Ser. No. 77578563 is an ornamental configuration and has no acquired

distinctiveness in relation to the goods and is therefore unregisterable on the Principal Register.

60.     Accordingly, American Covers is entitled to an order declaring that the product

configuration mark depicted in U.S. Trademark Application Ser. No. 77578563 is an ornamental

configuration and has not acquired distinctiveness in relation to the goods and is therefore unregisterable on the Principal Register.

**WHEREFORE**, it is respectfully requested that the Court enter a judgment in favor of American Covers as follows:

A.    That the Court enter judgment declaring that American Covers' activities, including but not limited to, manufacture, promotion, and sale of its air freshener products in the shape of a flip flop shoe, will not and does not infringe any trademark rights of Chic Accessories.

B.    That the Court enter judgment declaring that the product configuration mark depicted in U.S. Trademark Application Ser. No. 77578563 is purely ornamental and thus incapable of trademark significance and is unregistrable on either the Principal Register or the Supplemental Register.

C.    That the product configuration mark depicted in U.S. Trademark Application Ser. No. 77578563 is an ornamental configuration and has not acquired distinctiveness in relation to the underlying goods and is therefore unregisterable on the Principal Register.

D.      That the Plaintiff have such other and further relief as shall seem just and proper to the Court.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a jury trial on all claims and issues so triable.

DATED this 18th day of November, 2009.


                              /s/ Peter M. de Jonge___
                              Peter M. de Jonge
                              Jed H. Hansen
                              THORPE NORTH & WESTERN LLP

                              Mark M. Bettilyon
                              RAY QUINNEY & NEBEKER
                              *Attorneys for Plaintiff*, American Covers, Inc.

# EXHIBIT A



# EXHIBIT B

# Trademark/Service Mark Application, Principal Register

Serial Number: 77578563
Filing Date: 09/25/2008

The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77578563 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT3\IMAGEOUT3 \775\785\77578563\xml1\AP P0002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| COLOR MARK | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of the configuration of an automotive air freshener in the shape of a sandal. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 389 x 858 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Chic Accessories, LLC |
| *STREET | 3200 N. Hayden Rd. Suite 120 |
| *CITY | Scottsdale |
| *STATE (Required for U.S. applicants) | Arizona |
| *COUNTRY | United States |

| **\*ZIP/POSTAL CODE** (Required for U.S. applicants only) | 85251 |
|---|---|

## LEGAL ENTITY INFORMATION

| **TYPE** | limited liability company |
|---|---|
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | Illinois |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| **\* INTERNATIONAL CLASS** | 005 |
|---|---|
| **\* IDENTIFICATION** | automotive air fresheners |
| **FILING BASIS** | SECTION 1(a) |
| **FIRST USE ANYWHERE DATE** | At least as early as 08/13/2004 |
| **FIRST USE IN COMMERCE DATE** | At least as early as 08/13/2004 |
| **SPECIMEN FILE NAME(S)** | \\TICRS\EXPORT3\IMAGEOUT3 \775\785\77578563\xml1\AP P0003.JPG |
| **SPECIMEN DESCRIPTION** | photograph of Applicant's goods |

## ATTORNEY INFORMATION

| **NAME** | Max Shaftal |
|---|---|
| **ATTORNEY DOCKET NUMBER** | 3019-122 |
| **FIRM NAME** | Patzik, Frank & Samotny Ltd. |
| **STREET** | 150 S. Wacker Drive, Suite 1500 |
| **CITY** | Chicago |
| **STATE** | Illinois |
| **COUNTRY** | United States |

| | |
|---|---|
| **ZIP/POSTAL CODE** | 60606 |
| **PHONE** | 3125518300 |
| **FAX** | 3125511101 |
| **EMAIL ADDRESS** | ipdocket@pfs-law.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **OTHER APPOINTED ATTORNEY** | Michael L. Kenaga, Scott Smilie and Jordan Herzog |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| **NAME** | Max Shaftal |
| **FIRM NAME** | Patzik, Frank & Samotny Ltd. |
| **STREET** | 150 S. Wacker Drive, Suite 1500 |
| **CITY** | Chicago |
| **STATE** | Illinois |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 60606 |
| **PHONE** | 3125518300 |
| **FAX** | 3125511101 |
| **EMAIL ADDRESS** | ipdocket@pfs-law.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |

## FEE INFORMATION

| | |
|---|---|
| **NUMBER OF CLASSES** | 1 |
| **FEE PER CLASS** | 325 |
| **TOTAL FEE DUE** | 325 |
| **TOTAL FEE PAID** | 325 |

## SIGNATURE INFORMATION

| ORIGINAL PDF FILE | hw_75383653-125952742_._SignedDeclaration.PDF |
|---|---|
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT3\IMAGEOUT3\775\785\77578563\xml1\APP0004.JPG |
| SIGNATORY'S NAME | Max Shaftal |
| SIGNATORY'S POSITION | Attorney of record, Illinois bar member |

## Trademark/Service Mark Application, Principal Register

**Serial Number: 77578563**
**Filing Date: 09/25/2008**

## To the Commissioner for Trademarks:

**MARK:** (Stylized and/or Design, see mark)
The mark consists of the configuration of an automotive air freshener in the shape of a sandal.
The applicant, Chic Accessories, LLC, a limited liability company legally organized under the laws of Illinois, having an address of
    3200 N. Hayden Rd. Suite 120
    Scottsdale, Arizona 85251
    United States
requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

    International Class 005:  automotive air fresheners

Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

In International Class 005, the mark was first used at least as early as 08/13/2004, and first used in commerce at least as early as 08/13/2004, and is now in use in such commerce. The applicant is submitting one specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) photograph of Applicant's goods.

Specimen File1


The applicant hereby appoints Max Shaftal and Michael L. Kenaga, Scott Smilie and Jordan Herzog of
Patzik, Frank & Samotny Ltd.
    150 S. Wacker Drive, Suite 1500
    Chicago, Illinois 60606
    United States
to submit this application on behalf of the applicant. The attorney docket/reference number is 3019-122.

  Correspondence Information: Max Shaftal
                         150 S. Wacker Drive, Suite 1500
                         Chicago, Illinois 60606
                         3125518300(phone)
                         3125511101(fax)
                         ipdocket@pfs-law.com (authorized)


A fee payment in the amount of $325 has been submitted with the application, representing payment for 1
class(es).

### Declaration


**Original PDF file:**
hw_75383653-125952742_._SignedDeclaration.PDF
**Converted PDF file(s)** (1 page)
Signature File1
Signatory's Name: Max Shaftal
Signatory's Position: Attorney of record, Illinois bar member


RAM Sale Number: 13560
RAM Accounting Date: 09/25/2008

Serial Number: 77578563
Internet Transmission Date: Thu Sep 25 13:06:06 EDT 2008
TEAS Stamp: USPTO/BAS-75.38.36.53-200809251306062022
99-77578563-400513e637cfe3762f0aa47c5f04
f332c4a-DA-13560-20080925125952742243



## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

**Signature Section:**

Signature: _____

Signatory's Name: Max Shaftal

Signatory's Position: Attorney of record, Illinois bar member

Date Signed: ___9/25/08___

**NOTE TO APPLICANT:** When filed as part of the electronic form (i.e., scanned and attached as an image file), the signature page **must** include both the signature information **and** the boilerplate declaration language. Do **not** include the entire application, but do ensure that the boilerplate declaration language actually appears; *a signature by itself will not be acceptable.* If, due to browser limitations, the boilerplate declaration language appears on a previous page when printed, you must "merge" the declaration and signature block onto a single page prior to signing, so that the *one complete page* can be scanned to create an acceptable image file. It is recommended that you copy-and-paste the entire text form into another document, manipulate the spacing there to move the declaration and signature section to a separate page, and then print this new version of the text form to send to the signatory.

# EXHIBIT C

